**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JULIUS WARREN, )<br>)<br>   Plaintiff, )<br>vs. )<br>)<br>BELTWAY SURGERY CENTER, et al., )<br>)<br>   Defendants. ) | No. 2:12-cv-0169-JMS-WGH |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's action is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971). Because the plaintiff is a prisoner as defined in 28 U.S.C. § 1915(h), his complaint is subject to the screening required by 28 U.S.C. Section 1915A(b). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

2. The plaintiff alleges that he was denied constitutionally adequate medical care. This claim is asserted against various defendants.

3. The Supreme Court, in *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 71-72, 74 (2001), declined to extend the *Bivens* remedy to claims against private corporations operating under federal contracts. This extinguishes the claim against the Beltway Surgery Center.

4. When jurisdiction is not founded solely on diversity, venue is proper only in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The plaintiff shall have **through November 14, 2012**, in which to show whether and on upon what basis his claim against Dr. Tharp could properly be litigated in the Southern District of Indiana.

5. No partial final judgment shall issue at this time as to the claim dismissed in paragraph 3 of this Entry.

6. The clerk is designated pursuant to *Fed. R. Civ. P.* **4(c)(2)** to issue process to Dr. Parache. **Personal service is required**. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint and a copy of this Entry, on Dr. Parache and on the officials designated pursuant to *Fed. R. Civ. P.* **4(i)(2)**, at the expense of the United States.

**IT IS SO ORDERED.**

Date: 10/18/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Julius Warren
No. 05890-007
Terre Haute – FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.